## JAMES LEONARD
vs.
## PAOLO GAMBARDELLA

Superior Court · New Haven County   File #43842

Present: Hon. CARL FOSTER, Judge.

Walter T. Faulkner,
William Hadden,            Attorneys for the Plaintiff.
Samuel E. Hoyt,
David R. Woodhouse,        Attorneys for the Defendant.

## MEMORANDUM FILED MARCH 28, 1935.

FOSTER, J. The plaintiff in his complaint claims that the

defendant Carpentier, acting as the servant and agent of the defendant Gambardella, was "reckless, careless and negligent". The plaintiff, during trial, made the claim that Carpentier was reckless, as well as negligent and careless. The plaintiff, in writing, requested the Court to charge the jury on this claim. There was evidence in the case upon which the jury might reasonably find that Carpentier was guilty of reckless misconduct in the premises. The Court, therefore, in the charge to the jury defined reckless misconduct. The Court charged the jury that contributory negligence of the plaintiff was not a defense against reckless misconduct of the defendants.

It is true, as claimed by the defendants in argument on this motion, that the Court did not charge the jury that reckless misconduct of the plaintiff would be a defense against reckless misconduct of the defendants. No claim was made by the defendants during the trial that the plaintiff was guilty of reckless misconduct. No request to charge was filed by the defendants. If such a claim had been made, the Court could not have charged the jury upon such claim, because there was no evidence in the case from which the jury might reasonably have found that the plaintiff was guilty of reckless misconduct.

Finally, the Court, of its own motion, submitted interrogatories which, with the answers of the jury, are as follows:

"1. Was Carpentier guilty of reckless misconduct that was a proximate cause of the injuries of James Leonard?

Answer: Yes.

2. Was Carpentier guilty of negligence that was a proximate cause of the injuries of James Leonard?

Answer: Yes.

3. Was James Leonard guilty of negligence or contributory negligence that was a proximate cause of his injuries?

Answer: No."

Even if the Court erred in the charge to the jury on the question of reckless misconduct, there yet remained the answer of the jury to the interrogatories relative to negligence of Carpentier and negligence and contributory negligence of the plaintiff.

Since the jury found the plaintiff not guilty of negligence, it could not find him guilty of the more serious act of reckless misconduct, which is "more than mere negligence" and includes negligence.

The motion to set aside the verdict is denied.